BARBARA E. COWAN (SBN 251942)
**WORKPLACE ADVOCATES**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone:    (928) 259-7088
Facsimile:    (877) 459-3540
Email:        brandi@wpa.law

Attorneys for Plaintiff DEREK LEVIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK LEVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HERTZ CORPORATION, MARK BROWN, an Individual, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 2:22-cv-2358<br><br>**PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES FOR:**<br><br>I.  **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>II. **RETALIATION IN VIOLATION OF LABOR CODE § 6310;**<br>III. **HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;**<br>IV. **RETALIATION IN VIOLATION OF THE FEHA;**<br>V.  **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE FEHA;**<br>VI. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA**<br>VII. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA; and**<br>VIII. **RETALIATION IN VIOLATION OF CAL. LABOR CODE 1102.5**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Plaintiff DEREK LEVIN complains against THE HERTZ CORPORATION, MARK BROWN, and DOES 1-50, inclusive, and demands a trial by jury of all issues and for causes of action alleges:

## PARTIES AND JURISDICTION

1. At all pertinent times mentioned in this Complaint, Plaintiff DEREK LEVIN (hereinafter "Plaintiff") was an individual and a resident of the State of California. At all pertinent times mentioned in this Complaint, Plaintiff was employed by Defendant THE HERTZ CORPORATION.

2. Defendant THE HERTZ CORPORATION (hereinafter "HERTZ" or "Defendant"), is a corporation incorporated in the State of Delaware, and which is registered to do business in California. It operated a car dealership store in Ventura, California, where Plaintiff Derek Levin was employed.

3. Defendant MARK BROWN (hereinafter "BROWN") is an individual, and is a resident of an unknown state.

4. Jurisdiction in this case is proper pursuant to 28 U.S.C. § 1332.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-50, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

6. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In engaging in the conduct alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

7. Venue is proper in this District pursuant to California Government Code § 12926(b), because Plaintiff worked for HERTZ at its facility located in Ventura County.

### ADMINISTRATIVE REMEDIES

8. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

9. Plaintiff properly exhausted all his administrative remedies pursuant to the requirements contained in California's Fair Employment and Housing Act ("FEHA"). Specifically, Plaintiff timely filed a complaint with the Department of Fair Employment and Housing ("DFEH"). The DFEH closed the file on April 7, 2021. Plaintiff has requested his Right to Sue Notice, but none has yet been received. However, Plaintiff has completed all steps required to exhaust his administrative remedies, insofar as such steps are within his control.

10. This action is not preempted by the California Workers' Compensation Act because harassment, retaliation and discrimination are not risks or condition of employment.

### FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

11. Plaintiff was employed at Hertz's car dealership store in Ventura, California as a store manager from August 2016 to April 2020.

12. Mr. Levin suffers from Multiple Sclerosis (MS), a disability

13. Approximately a year after Mr. Levin started working for Hertz, the company reconfigured the reporting structure for several stores, including the store where Mr. Levin worked. As part of the reconfiguration, individual defendant Mark Brown, a store manager in Riverside, California was promoted to the Regional General Manager. Mr. Brown became Mr. Levin's new supervisor.

14. Mr. Brown visited Mr. Levin's store only three times in approximately the eighteen months prior to Mr. Levin's termination. Mr. Levin reached out to Mr. Brown several times in the fall of 2019 for help in getting additional staffing, as the Ventura store was understaffed, and Mr. Levin had to cover several shifts for employees on medical leave, including for his Combo Manager, Armond Chalmers.

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

15. Brown failed to act on Mr. Levin's requests. Mr. Levin did not have the authority to hire additional staff on his own, and nor was he given the authority to discipline staff, despite being the store manager. Hertz paid Mr. Levin a salary and made him work six to seven days a week during this time because Hertz claimed he was the only one that did not need to be paid overtime for working the extra hours and for covering shifts.

16. When Mr. Brown came up to visit Mr. Levin's store from 2/18/20 to 2/20/20, he told Mr. Levin that he had asked managers from the other stores under his jurisdiction to come to Ventura to help, but they had all declined.

17. Though Mr. Levin had received emails from Mr. Brown to other store managers in December 2019 requesting help on behalf of an understaffed store in Costa Mesa, Mr. Brown did not send out a similar email asking for help for Mr. Levin's store. Though Mr. Levin had informed Mr. Brown several times that he could not continue to consistently work six days a week because of his disability, Mr. Brown not only did not address the request for accommodation, he in fact, retaliated against Mr. Levin. Mr. Brown belittled and harassed Mr. Levin in front of Mr. Levin's staff, telling Mr. Levin that he would be "getting written up… I don't know what it is going to be for, but it will for something."

18. When Mr. Levin voiced his opposition to this threat, Mr. Brown told Mr. Levin, "I am a biker, and we don't take kindly to disrespect."

19. Mr. Brown then wrote-up Mr. Levin for a fabricated policy violation. Despite never issuing any warning or discipline prior, Mr. Brown called this write-up a "final warning." During the call to go over the disciplinary steps, Mr. Brown told Mr. Levin that his store felt like a "morgue" because he had "no energy". When Mr. Levin protested this characterization, Mr. Brown told Mr. Levin, "If you can't have energy, just quit and get another job in the auto mall."

20. Mr. Levin asked Mr. Brown for a copy of the policy he claimed had been violated, and Mr. Brown refused to provide it to him.

21. On March 23, 2020, Mr. Brown and Director Jeff Novick called Mr. Levin and told him that due to COVID, they were closing the store at the end of the day. They told him that

they still wanted the store managers to be at the store, but that he had the option of being furloughed too.

22.     Mr. Levin advised that he would check with his doctor.

23.     Mr. Levin's doctor advised Mr. Levin to stay at home because of his autoimmune disease and the risk of getting infected with the virus was high if he did not stay home. Mr. Levin conveyed the doctor's advice and accordingly his preference to not come into the office.

24.     Soon thereafter, on April 15, 2020, Hertz told Mr. Levin that he was being terminated due to COVID-19. However, Hertz immediately re-posted Mr. Levin's position and hired a replacement, illustrating that Hertz's stated reason for the termination was pretextual

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940 *et seq.*
### (Against Defendant HERTZ and DOES 1-50)

25.     Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

26.     Defendant is an employer as defined by the Fair Employment and Housing Act (FEHA), Government Code section 12940 *et seq*.

27.     Plaintiff has and/or was perceived to have physical disabilities during all material periods of his employment with Defendant.  Plaintiff therefore falls within protected classes as defined by the FEHA.

28.     Defendant subjected Plaintiff to adverse employment actions, including but not limited to discipline, denials of requests for reasonable accommodations, changes in the material terms and conditions of his employment such as denials of leaves, creation of unnecessary obstacles upon returning from leave, treating Mr. Levin differently than other workers requesting accommodations who had not engaged in protected activity, and refusals to engage in the interactive process, harassment, and constructive and/or actual termination of his employment with Defendant.

29.     Plaintiff's protected status (actual or perceived disabilities) were substantial

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

1  motivating reason(s) for the adverse employment actions, in violation of FEHA.

2    30. Plaintiff was harmed by Defendant's actions.

3    31. Defendant's act of subjecting Plaintiff to adverse employment actions based on his actual and/or perceived disabilities is a substantial factor in causing Plaintiff's harm.

  32. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

  33. As a result of Defendant's actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. These amounts included but are not limited to lost wages and benefits, and lost promotions or opportunities for advancement that exceed the jurisdictional requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injury, physical manifestations of emotional distress, and emotional trauma, resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 6310

**(Against Defendant HERTZ and DOES 1-50)**

  34. Plaintiff incorporates by reference all of the foregoing paragraphs of the Complaint, as though fully set forth herein.

  35. Cal. Labor Code § 6310 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written complaint to their employer regarding unsafe working conditions or work practices.

  36. Plaintiff is informed and believed, and thereon alleges that his making complaints regarding workplace safety issues, unsafe working conditions, and/or work practices was a contributing factor to Defendant's decisions to subject Plaintiff to adverse employment actions.

37. As a direct and proximate result of the actions of Defendant, Plaintiff has suffered and will continue to suffer physical personal injuries, pain and mental anguish and emotional distress.

38. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

39. Defendant's actions constituted a willful violation of the above-mentioned state laws. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related the loss of wages and are entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law and Plaintiff's respective damage amounts according to proof at time of trial.

## THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT HARASSMENT – CALIFORNIA GOVERNMENT CODE § 12940

**(Against All Defendants)**

40. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

41. Plaintiff is an employee who has engaged in protected activities pursuant to the FEHA.

42. At all times herein mentioned, California Government Code §12940, *et seq.*, was in full force and effect and were binding upon Defendant. Said sections prohibit Defendant from harassing an employee on the basis of his protected status(es) among other categories, and prohibit an employer from allowing a hostile work environment to exist.

43. During the course of Plaintiff's employment, Defendant created and allowed to exist a hostile work environment and harassed Plaintiff on the basis of his protected status(es) under the FEHA. The acts are severe and/or pervasive and altered the terms and conditions of Plaintiff's employment and created an abusive work environment.

44. Defendants knew or should have known of these harassing actions because Plaintiff complained about the actions taken against his on repeated occasions. Plaintiff's complaints and protests were directed at supervisors and HERTZ' human resources department. Despite Defendant's actual knowledge of the harassment, Defendant failed to take immediate and appropriate corrective action to stop the harassment. Defendant is therefore liable for the harassment under the provisions of Government Code Section 12940(j)(1).

45. As a proximate result of the harassment by Defendant, and in retaliation for complaining about the same, Plaintiff suffered adverse employment actions, including but not limited to Defendant subjecting Plaintiff to continued harassment, refusing to engage in an interactive process with Plaintiff and/or provide him with any requested accommodations, and materially harming Plaintiff in the terms and conditions of his employment. through denials of leaves, creation of unnecessary obstacles upon returning from leave, treating Mr. Levin differently than other workers who had not engaged in protected activity, and refusal to take steps to make the harassment stop.

46. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

47. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

48. As a result of Defendants' actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injuries, physical manifestations of emotional distress, and emotional trauma, resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

# FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOVERNMENT CODE 12940 *et seq.*

### (Against Defendant HERTZ and DOES 1-50)

49. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

50. Plaintiff engaged in protected activities complained to both his supervisors and Defendant's Human Resources Department regarding the harassment, retaliation and/or discrimination taking place in the workplace.

51. Plaintiff also engaged in protected activities when she requested reasonable accommodations for his disability and engaged in protected activity by reporting harassment, discrimination, and/or retaliation to his supervisors.

52. As a direct and proximate result of Plaintiff's engagement in a protected activity, Defendant, and/or its agents/employees, retaliated against Plaintiff in violation of Government Code §12940(h) by taking adverse employment actions against Plaintiff, including but not limited to actual and/or constructive termination, denial of reinstatement, and/or denial of requests for reasonable accommodations, denials of leaves, creation of unnecessary obstacles upon returning from leave, treating Mr. Levin differently than other workers requesting accommodations who had not engaged in protected activity, and refusals to engage in the interactive process

53. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

54. As a result of Defendant's actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. In addition, Defendant failed to reinstate Plaintiff or take other remedial action once it became aware of the pattern and practice of discrimination, retaliation, and/or harassment. These amounts exceed the jurisdictional

requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injuries, physical manifestations of emotional distress, and emotional trauma resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF GOVERNMENT CODE 12940 *et seq.*

**(Against Defendant HERTZ and DOES 1-50)**

55. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

56. In violation of FEHA, Defendant failed to take all reasonable steps necessary to prevent harassment, discrimination, and retaliation against Plaintiff based upon his actual and/or perceived disabilities, protected status(es), and/or engagement in protected activities.

57. In perpetrating the above-described conduct, Defendant engaged in a pattern, practice, policy and custom of discrimination, harassment, and/or retaliation. Said conduct on the part of Defendant constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection of the FEHA.

58. At all relevant time periods, Defendant failed to make an adequate response and investigation into the allegations of discrimination, harassment and retaliation by Plaintiff and other employees. Plaintiff reported the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendant, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in discrimination, harassment, and/or retaliation toward Plaintiff.

59. At all relevant time periods there existed within the organization of Defendant a pattern and practice of conduct by its personnel which resulted in discrimination, harassment, and retaliation, including but not necessarily limited to, conduct directed at Plaintiff.

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

60. Defendant did not have an adequate policies in effect prohibiting discrimination, harassment and retaliation, and did not provide adequate discrimination, harassment or retaliation training for its employees and managers.

61. Defendant knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices regarding discrimination, harassment and retaliation would result in said conduct against employees including but not limited to Plaintiff.

62. The failure of Defendant to provide any or adequate education, training, and information to personnel concerning policies and practices regarding discrimination, harassment and retaliation constituted deliberate indifference to the FEHA rights of employees, including but not limited to those of Plaintiff.

63. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

64. As a result of Defendant's actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injuries, physical manifestations of emotional distress, and emotional trauma resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA

**(Against Defendant HERTZ and DOES 1-50)**

65. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

66. At all times material to this complaint, Plaintiff has been a person with a disability within the meaning of FEHA, California Government Code §§ 12940 and 12926. Plaintiff was limited or perceived to be limited in his major life activities due to his disability. Defendant is an employer within the meaning of FEHA, and Defendant was aware of Plaintiff's disability.

67. Defendant failed and refused to provide a reasonable accommodation for Plaintiff's disability. Rather than providing an accommodation, Defendant subjected Plaintiff to harassment, threats of job loss, actual termination, and refusal to reinstate Plaintiff in the shift she has earned through his work experience and seniority.

68. Plaintiff is informed and believes, and on that basis alleges, that providing a reasonable accommodation for Plaintiff's disability would not have caused undue hardship for Defendant or its business. Defendant's failure to make reasonable accommodation for Plaintiff's disability violated Government Code § 12940(m).

69. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

70. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

71. As a result of Defendant's actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injuries, physical manifestation of emotional distress, and emotional trauma resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

## SEVENTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA, CALIFORNIA GOVT. CODE § 12940 *et. seq.*

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

**(Against Defendant HERTZ and DOES 1-50)**

72. Plaintiff hereby incorporates by reference all preceding paragraphs as though set forth here in full.

73. Defendant HERTZ was at all times relevant herein an employer within the meaning of the FEHA.

74. Defendant HERTZ employed Plaintiff at all relevant times.

75. Plaintiff suffered from a disability that limited a major life activity.

76. Defendant knew of Plaintiff's disability, and was also aware that Plaintiff requested numerous reasonable accommodations for his disability.

77. Defendant failed to engage in a good faith interactive dialogue with Plaintiff regarding his requests for accommodation.

78. As a result of Defendant's actions, Plaintiff sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendant's actions, Plaintiff suffered physical personal injuries, physical manifestations of emotional distress, and emotional trauma, resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

79. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiff's rights.

80. By reason of the conduct of Defendant, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

### EIGHTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. LABOR CODE § 1102.5

**(Against Defendant HERTZ and DOES 1-50)**

81. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

82. Cal. Labor Code § 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written complaint to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

83. Plaintiff is informed and believed, and thereon alleges that because of his making complaints regarding illegal conduct to Defendant, his employer, Plaintiff was subjected to adverse employment actions by HERTZ.

84. Plaintiff is informed and believed, and thereon alleges that because of his refusing to engage in illegal conduct per the request of Defendant HERTZ, his employer, Plaintiff was subjected to adverse employment actions by HERTZ.

85. As a direct and proximate result of the actions of Defendant, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

86. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

87. Defendant's actions constituted a willful violation of the above-mentioned state laws. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related the loss of wages and are entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law and Plaintiff's respective damage amounts according to proof at time of trial.

88. The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

89. Defendant, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

90. Plaintiff seeks civil penalties and attorney fees against Defendant.

## PRAYER

**WHEREFORE**, Plaintiff prays that judgment be issued against Defendants as follows:

1. For general economic and non-economic damages according to proof;
2. For special damages according to proof;
4. For prejudgment and post-judgment interest;
5. For costs of suit incurred herein;
6. For attorney's fees as allowed by law;
7. For civil penalties as allowed by law;
8. For declaratory and injunctive relief, including a finding that Defendant violated the California Government Code § 12940, *et seq*, as well as Labor Code §§ 6310 and 1102.5;
9. For reinstatement and/or front pay in lieu of reinstatement;
10. For punitive damages pursuant to Civil Code § 3294; and
11. For such other and further relief as this Court deems just and proper.

DATED:  April 6, 2022

Respectfully submitted,
**WORKPLACE ADVOCATES**

By:  Barbara E. Cowan
Attorneys for Plaintiff DEREK LEVIN

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial in this action pursuant to his Constitutional right to a jury trial and California statute.

DATED:  April 6, 2022

Respectfully submitted,
**WORKPLACE ADVOCATES**

By:  Barbara E. Cowan
Attorneys for Plaintiff DEREK LEVIN

PLAINTIFF DEREK LEVIN'S COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL